UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FREEMAN A. MESTETH,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA BOARD OF PARDONS AND PAROLES, South Dakota State Penitentiary, in their individual and official capacity; KELLIE WASCO, Secretary of Corrections, Pierre, South Dakota, in her individual and official capacity; DANIEL SULLIVAN, Warden, South Dakota State Penitentiary, in his individual and official capacity; BRAD LOWENDOWSKI, Exe. Dir. Board of Pardons & Paroles, South Dakota State Penitentiary, in his individual and official capacity; KENNETH SCHAAF, South Dakota Parole Agent; AARON GEORGE, Aaron George Property's,<br><br>Defendants. | 4:22-CV-04066-KES<br><br>1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Freeman A. Mesteth, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Mesteth leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Docket 5. Mesteth paid his initial filing fee on June 24, 2022. This court will now screen Mesteth's complaint under 28 U.S.C. § 1915A.

I.      **1915A Screening**

   A.   **Factual Background**

The facts alleged in Mesteth's complaint are: that Mesteth was released from prison on December 10, 2021, on a suspended sentence. Docket 1 at 4. Mesteth claims that he was forced to rent an apartment at Aaron George Properties because his case manager told him that his "discharge place of residence at the Bishop Dudley Hospitality House was not approved." *Id.* He claims that his parole agent at the time was Kenneth Schaaf. *See id.* Mesteth alleges that he was "reincarcerated as a detainer" on December 12, 2021, and he was released eight days later and taken back to his apartment. *Id.* He alleges that when he arrived, all his property was missing and his key card no longer worked. *Id.* He alleges that the property manager told him that his key card would not work and that Aaron George[1] had his property removed. *Id.* He also alleges that he told Schaaf about this. *Id.*

Mesteth alleges that George claimed his actions were justified because he did not receive a rental payment from Mesteth. *See id.* Mesteth alleges that his sister sent a certified check for $825 to George, but George did not pick up the check. Docket 6 at 2. He alleges that this was $500 for one month's rent and $325 for his security deposit. *Id.* He also alleges that George has an agreement with the South Dakota Board of Pardons and Paroles. *Id.*

---

[1] The court presumes that Aaron George is the owner of Aaron George Properties.

Mesteth states that George took his television, legal papers, photos of his children and grandchildren, and letters from his family. Docket 1 at 4. He states that George also took his eagle feathers and that this violates the Bald Eagle Protection Act. *Id.* at 5. He states that he has "a permit to have eagle feathers for spiritual and religious services." *Id.* He also states that this permit was in his room at Aaron George Properties. *Id.* Mesteth claims that "[a]ll defendants were involved in the violation of [his] constitutional rights concerning [his] personal property and sacred eagle feathers." *Id.* He claims that parole agents, including Schaaf, failed to pick up his property from Aaron George Properties. Docket 6 at 2.

Mesteth brings claims against all defendants for deprivation of his property without due process and for cruel and unusual punishment. Docket 1 at 4, 6. He also claims that all defendants have violated the Bald Eagle Protection Act. *See id.*; Docket 1 at 5. He brings these claims against the South Dakota Board of Pardons and Paroles, and against unnamed Parole Board members,[2] Secretary of Corrections Kellie Wasko,[3] South Dakota State Penitentiary Warden Daniel Sullivan, and South Dakota Board of Pardons and

---

[2] Mesteth names "South Dakota Board of Pardons and Paroles" as a defendant in the caption of his complaint. Docket 1 at 1. In the defendants section of his complaint, he names "Board of Pardons and Paroles" and lists "Parole Board Members" in the "Position and Title" field. *Id.* at 2. Construing his complaint liberally, this court finds that Mesteth names the Parole Board as a defendant and individual unnamed Parole Board members as defendants in their individual and official capacities. *See id.*

[3] Mesteth names Kellie Wasco as a defendant in this lawsuit. Docket 1 at 1-2. The actual name of the Secretary of Corrections is Kellie Wasko. This court will use Wasko's actual name in this order.

3

Paroles Executive Director Brad Lowendowski in their individual and official capacities. *See* Docket 1 at 1-2. He brings these claims against Schaaf, Aaron George Properties, and George[4] in their official capacities only.[5] *See id.* Mesteth claims that he has suffered psychological and emotional injuries as a result of defendants' actions. *Id.* at 4. He claims that this has gone on for 139 days and seeks $1,500 for each day that he has suffered "psychological, emotional, and mental anguish[,]" requesting a total of $208,000. *Id.* at 7.

## B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of*

---

[4] Although Aaron George Properties is a private entity and George is not a public official, Mesteth alleges that they have an agreement with the Parole Board regarding the residential placement of individuals who are released on parole. *See* Docket 6 at 2. Because Mesteth alleges that Aaron George Properties and George have contracted with the state, the court construes Mesteth's complaint as alleging that they act under color of state law and can be sued under § 1983. *See West v. Atkins*, 487 U.S. 42, 56 n.14 (1988). The Court will treat Aaron George Properties and George as acting under state law for screening purposes.

[5] If a plaintiff does not specify the capacity in which he or she sues a defendant, the suit is treated as only including official capacity complaints. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Mesteth sues Schaaf, Aaron George Properties, and George in their official capacities only.

*Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-61)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

**C.  Legal Analysis**

5

### 1. Claims Against the South Dakota Board of Pardons and Paroles

Mesteth brings claims against the South Dakota Board of Pardons and Paroles. Docket 1 at 1-2. The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. *Cory v. White*, 457 U.S. 85, 90-91 (1982). In determining whether an entity is entitled to Eleventh Amendment immunity, the court examines the powers and characteristics of the entity that was created by state law to determine if it in reality is acting as the state, the degree of local autonomy and control exercised by the entity, and whether the funds to pay an award are derived from the state treasury. *Greenwood v. Ross*, 778 F.2d 448, 453 (8th Cir. 1985) (citing *Laje v. R.E. Thomason Gen. Hosp.*, 665 F.2d 724, 727 (5th Cir. 1982)).

The Parole Board is a division of the Department of Corrections. *See* SDCL § 24-13-3. The Department of Corrections was created by the state legislature. *See* SDCL § 1-15-1.2. The Parole Board is an arm of the state of South Dakota and, as such, is not subject to suit under § 1983. *See Cory*, 457 U.S. at 90-91. Mesteth's claims against the Parole Board are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### 2. Official Capacity Claims for Money Damages

Mesteth brings claims against all individual defendants in their official capacities. *See* Docket 1 at 1-2. All individual defendants are employees of the state of South Dakota or have contracted with the state of South Dakota. *See*

*id.* "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-43 (2009) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). Here, Mesteth only requests money damages. Docket 1 at 7. The state of South Dakota has not waived its sovereign immunity. Thus, Mesteth's claims against all individual defendants in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### 3. Individual Capacity Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Mesteth's individual capacity claims must allege that each individual defendant either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor.

### a.     **Fourteenth Amendment Due Process Claim**

Mesteth brings a claim for violation of his Fourteenth Amendment due process rights against the unnamed Parole Board members, Wasko, Sullivan, and Lowendowski in their individual capacities. Docket 1 at 2, 4-5. Specifically, he alleges that these defendants deprived him of his property without due process when they caused his belongings to be taken from his rental unit. *See id.* at 4-5.

Under the Fourteenth Amendment, a "State [cannot] deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. But even an intentional deprivation of property does not state a due process claim under the Fourteenth Amendment if there is an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). SDCL § 21-3-3 recognizes a cause of action for wrongful conversion of personal property. Thus, even if the unnamed Parole Board members, Wasko, Sullivan, and Lowendowski intentionally deprived Mesteth of his property, they would not have violated his right to due process. *See Palmer*, 468 U.S. at 534-35. Further,

8

Mesteth makes no claims that the unnamed Parole Board members, Wasko, Sullivan, and Lowendowski directly participated in the alleged conduct or failed to train or supervise an offending actor. *See* Docket 1 at 4-5; *Parrish*, 594 F.3d at 1001. Thus, Mesteth's Fourteenth Amendment due process claim against the unnamed Parole Board members, Wasko, Sullivan, and Lowendowski in their individual capacities is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### b. Eighth Amendment Cruel and Unusual Punishment Claim

Mesteth brings a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment against the unnamed Parole Board members, Wasko, Sullivan, and Lowendowski in their individual capacities. Docket 1 at 2, 6. Construing his complaint liberally, Mesteth brings a conditions of confinement claim in violation of his Eighth Amendment right to be free from cruel and unusual punishment. *See id.*

"[T]he Constitution 'does not mandate comfortable prisons'; it prohibits 'inhumane ones.'" *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The United States Supreme Court has clarified that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation and internal quotation omitted). The Supreme Court has listed as basic human needs "food, clothing, shelter, medical care, and reasonable

9

safety[.]" *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (internal quotation omitted).

In order to prevail on an Eighth Amendment conditions of confinement claim, a prisoner must prove that (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (citing *Farmer*, 511 U.S. at 834). An Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances. *Villanueva v. George*, 659 F.2d 851, 854 (8th Cir. 1981) (en banc). Even if no single condition would be unconstitutional in itself, the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment. *See id.*; *see also Tyler v. Black*, 865 F.2d 181, 183 (8th Cir. 1989) (en banc).

Here, Mesteth fails to state a claim for violation of his Eighth Amendment rights. Deprivation of his property is not sufficiently serious as to deprive him of the minimal civilized measures of life's necessities, and he makes no claim that he faced a substantial risk of serious harm to his health or safety. *See Simmons*, 154 F.3d at 807 (citing *Farmer*, 511 U.S. at 834). He also makes no claim that the unnamed Parole Board members, Wasko, Sullivan, and Lowendowski were deliberately indifferent to the risk of harm. *See id.* Thus, Mesteth's Eighth Amendment cruel and unusual punishment claim against the

10

unnamed Parole Board members, Wasko, Sullivan, and Lowendowski in their individual capacities is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### c. Bald and Golden Eagle Protection Act Claim

Mesteth brings a claim for violation of the Bald Eagle Protection Act against the unnamed Parole Board members, Wasko, Sullivan, and Lowendowski in their individual capacities. Docket 1 at 2, 5. Construing his complaint liberally, Mesteth alleges that these defendants have violated the Bald and Golden Eagle Protection Act, 16 U.S.C. §§ 668-668d. *See id.*

"[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). The Eighth Circuit Court of Appeals has explained that the Bald and Golden Eagle Protection act does not "contain provisions for private rights of action." *Defs. of Wildlife v. Adm'r, EPA*, 882 F.2d 1294, 1301 (8th Cir. 1989); *see also Jaeger v. Cellco P'ship*, 2010 U.S. Dist. LEXIS 24394, at *30 (D. Conn. Mar. 15, 2010) ("The statutes that implement . . . the [Bald and Golden Eagle Protection Act] are criminal statutes setting forth a scheme of strict liability for parties responsible for the death of protected birds."). Thus, Mesteth cannot bring a claim under the Bald and Golden Eagle Protection Act. Mesteth's Bald and Golden Eagle Protection Act claim against the unnamed Parole Board members, Wasko, Sullivan, and

11

Lowendowski in their individual capacities is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

## II.     Strike Under 28 U.S.C. § 1915(g)

The court finds that Mesteth's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eighth Circuit has explained that "[d]ismissals based on immunity are not among the types of dismissals listed as strikes in [§] 1915(g)[.]" *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam) (citing *Byrd v. Shannon*, 715 F.3d 117, 125-27 (3d Cir. 2013)). In *Byrd*, the Third Circuit Court of Appeals explained that § 1915(g) "requires that a prisoner's *entire action or appeal* be dismissed on enumerated grounds in order for the dismissal to count as a strike." 715 F.3d at 125. Thus, because *Castillo-Alvarez* cites *Byrd* with approval, this court will follow the rule set out in *Byrd*. *See Castillo-Alvarez*, 768 F.3d at 1220 (citing *Byrd*, 715 F.3d at 125-27).

Mesteth's complaint is dismissed in part for failure to state a claim upon which relief may be granted and in part because it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii)-(iii); 28 U.S.C. § 1915A(b)(1)-(2). Under *Castillo-Alvarez* and *Byrd*, this does not constitute a strike.

Thus, it is ORDERED:

1. That Mesteth's complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

2. That judgment is entered in favor of the South Dakota Board of Pardons and Paroles, the unnamed Parole Board members, Kellie Wasko, Dan Sullivan, Brad Lowendowski, Kenneth Schaaf, Aaron George Properties, and Aaron George and against Mesteth.

Dated October 19, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE